# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security,[2] <br><br> Defendant. | Case No. 2:18-cv-05409-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying his applications for Social Security disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Andrew Saul is now the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

## BACKGROUND

Plaintiff previously applied for supplemental security income, alleging that he became disabled on November 19, 2007. Plaintiff was represented by counsel at a June 2012 oral hearing. In July 2012, an administrative law judge ("ALJ") found Plaintiff capable of performing his past relevant work as a telephone solicitor (DOT 299.357-014) as generally and actually performed and not disabled. (Administrative Record ("AR") 22, 51-64.) No evidence shows that the Appeals Council or a federal district court remanded the claim; nor is there any indication that Plaintiff appealed the matter further. (AR 23, 41.)

On November 12, 2014, Plaintiff reapplied for a period of disability, disability insurance benefits, and supplemental security income, amending his alleged disability as commencing on June 1, 2013. (AR 22.) The Commissioner denied Plaintiff's application by initial determination on March 13, 2015. (AR 22.) On May 22, 2017, ALJ Reich conducted an oral hearing attended by Plaintiff, his counsel, two medical experts, and a vocational expert ("VE"). (AR 19-40.) In a decision dated June 29, 2017, ALJ Reich stated that the prior agency decision remains "final and binding." (AR 23.) Because Plaintiff had shown new impairments and an increase in severity of his impairments, ALJ Reich did not adopt the prior residual functional capacity ("RFC") and did not apply res judicata principles to the RFC determination made by the prior ALJ. (AR 23.) However, ALJ Reich stated that there was no change to Plaintiff's age or vocational profile – apparently applying res judicata principles to these issues. (AR 23.)

ALJ Reich found Plaintiff suffered from the following severe impairments: degenerative joint disease of lumbar spine, hypertension, gastroesophageal reflux disease, chronic deep venous thrombosis, bilateral bunions and hammertoes, and deformity of the right fifth finger. (AR 25.) ALJ Reich determined that Plaintiff retained the RFC to perform a range of sedentary work including sitting up to 6 hours total in an 8-hour workday and standing/walking up to 2 hours total in an 8-hour

workday. (AR 28.) The RFC also included the following limitations: Plaintiff is unable to climb ladders, ropes or scaffolds; must never crouch, kneel, or crawl; must never push or pull with the lower extremities; can only occasionally push and/or pull with his right upper extremity; and can only frequently use his right hand for fine and gross manipulations. (AR 28.) Relying on the testimony of the VE, ALJ Reich found Plaintiff capable of performing past relevant work as a telephone solicitor. (AR 33.) Accordingly, ALJ Reich determined that Plaintiff was not disabled through the date of her decision. (AR 34.)

The Appeals Council denied review of the decision on May 21, 2018, thereby rendering the ALJ's decision the final decision of the Commissioner. (AR 1-6.) Plaintiff subsequently appealed to this Court.

**DISPUTED ISSUES**

1. Whether *Chavez* res judicata principles preclude Plaintiff from relitigating the past relevant work issue.
2. Whether the ALJ erred at step four in finding Plaintiff engaged in past relevant work as a telephone solicitor.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of

more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

## DISCUSSION

**1. Whether *Chavez* res judicata principles should apply to the past relevant work issue in Plaintiff's present application**

**a. Relevant Law**

In *Chavez v. Bowen*, the Ninth Circuit established that principles of res judicata apply to administrative decisions, although less rigidly than in judicial proceedings. 844 F.2d 691, 693 (9th Cir. 1988). The ALJ in *Chavez* determined that the plaintiff could not have returned to his previous work. *Id.* at 692. However, the ALJ also found him capable of engaging in a wide range of other SGA employment and not disabled. *Id*. The plaintiff then reapplied for disability insurance, and a second ALJ found him capable of his past relevant work, without referring to the first ALJ's findings. *Id.* On appeal, the plaintiff contended that the second ALJ erred because he failed to consider the first ALJ's finding concerning the plaintiff's inability to return to his previous work. *Id*. at 693.

The Ninth Circuit agreed and concluded that "the first [ALJ's] findings concerning [Plaintiff's] [RFC], education, and work experience are entitled to some res judicata consideration in subsequent proceedings." *Id.* at 694. Because no "new information … not presented to the first [ALJ]" had been offered, the second ALJ could not "reopen the prior determinations concerning the claimant's ability to perform his past relevant work." *Id.* Because the "second [ALJ] failed to afford preclusive effect to the first judge's determinations" absent any new and material evidence, his decision was not supported by substantial evidence, and the case was

remanded. *Id.*[3] The Ninth Circuit in *Chavez* also held that Plaintiff's "attainment of 'advanced age' constitutes a changed circumstance precluding the application of res judicata to the first ALJ's ultimate finding against disability." 844 F.2d at 693.

Evidence is "new" if the prior ALJ did not consider it. *Ellis v. Astrue*, 2011 WL 5877490, at *6 (D. Nev. Sept. 28, 2011). New evidence must also be material to warrant a new review of the administrative record. *Huerta v. Berryhill*, 2019 WL 2009112, at *5 (C.D. Cal. May 7, 2019). Evidence is material "if it bears directly and substantially on the matter in dispute and if there is a 'reasonable possibility' that the new evidence would have changed the outcome of the determination." *Id.* (finding new evidence regarding Plaintiff's surgery was also material because the increase in severity of the disability gave a 'reasonable possibility' of a changed opinion) (citing *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001); *see also La Cruz v. Colvin*, 2016 WL 6562930, at *7 (C.D. Cal. Mar. 7, 2016). Materiality should not be "tested as strictly in the administrative as in the judicial context." *Booz*, 734 F.2d at 1381 (adopting the Fifth Circuit's "reasonable possibility" test over the Fourth and Tenth Circuit's "reasonably likely" standard because the reasonable possibility test was a less strict standard). The ALJ may deviate from a prior ALJ's assessment where the "new and material evidence supports such a deviation." *Chao v. Astrue*, 2012 WL 868839, at *14 (E.D. Cal. Mar. 13, 2012) (finding the ALJ properly based his opinion on new and material evidence even by discounting such evidence because the ALJ incorporated the evidence into the conclusion of the decision) (citing *Chavez*, 844 F.2d at 693-694; *Stubbs-Danielson*, 539 F.3d at 1172-1173; AR 97-4(9)).

///

///

---

[3] S*ee also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (citing *Chavez*) ("a previous ALJ's findings concerning … work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge").

5

**b. Analysis**

Plaintiff contends that he has presented new and material evidence – specifically, his certified earnings record and detailed earnings query − which rebuts the continuing application of *Chavez* principles to his vocational profile.[4] (ECF No. 27 at 6.) The transcript of Plaintiff's first administrative hearing in 2012 does not mention either piece of evidence. (AR 41-50.) The Commissioner does not contest or rebut the Plaintiff's assertion that "no evidence suggests that the [prior] ALJ had in her possession a copy of the certified earnings record present in this record." (ECF No. 27 at 6.) Because the prior ALJ did not have or consider the earnings record and earnings query now presented by Plaintiff, both pieces of evidence qualify as "new evidence."

The certified earnings record and the detailed earnings query are in the current record (AR 199-202, 204-205), and both are material because there is a "reasonable possibility" that this evidence could have changed the outcome of the determination here, as detailed below. *See Huerta*, 2019 WL 2009112, at *5. For his 2011 position (which the ALJ may well have relied on for SGA), the new records show that Plaintiff worked five hours per day and three days per week as a telephone solicitor while making six dollars per hour. (AR 200, 224.) At that rate of pay and work, it would have taken Plaintiff a year to make his reported income of $5,049.70. (AR 200, 224.) Earnings over $1000 per month result in a presumption of SGA under the Social Security Regulations. *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990); SSR 83-33. Plaintiff's reported income in 2011 likely does not amount to SGA, and Plaintiff's 2011 employment as a telephone solicitor would likely not constitute past relevant work. Therefore, the certified earnings record and detailed earnings query both qualify as "new and material" evidence that rebut application of *Chavez* res

---

[4] Because the severity of his impairments increased, Plaintiff met his burden of proving a change in circumstance concerning the presumption of continuing nondisabilitiy, which the Commissioner does not contest.

judicata principles to Plaintiff's vocational profile, and to the extent ALJ Reich applied res judicata principles to the first ALJ's past relevant work finding, that was error.

**2. Whether ALJ Reich erred in her step four finding that Plaintiff could perform his past relevant work**

**a. Relevant Law**

In determining whether the claimant is disabled, an ALJ is required to find whether the claimant can perform his past relevant work given his RFC. The phrase "past relevant work" is defined in the Commissioner's regulations: Past relevant is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it. (20 C.F.R §§ 404.1560(b)(1); 416.960(b)(1).) If a claimant's earnings surpass an amount specified by the Social Security Regulations, SGA is presumed. *See Keyes*, 894 F.2d at 1056. The Social Security Regulations show that in 2011, the year of Plaintiff's contended work as telephone solicitor, the monthly SGA amounts for non-blind claimants was $1000. 20 C.F.R. §§ 404.1574(b), 416.974(b); *Substantial Gainful Activity*, Social Security (2019), https://www.ssa.gov/oact/cola/sga.html.

At step four, "claimants have the burden of showing that they can no longer perform their past relevant work." 20 C.F.R. § 404.1520(e); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (remanding where the ALJ made few findings and relied largely on the VE's conclusions, because absent specific findings on the record at step four, there can be little meaningful judicial review). Although the burden of proof rests on the claimant in step four, an ALJ must make specific factual findings to support her conclusions. *Pinto*, 249 F.3d at 845. An ALJ is required "to make specific findings on the record at each phase of the step four analysis [which] provide for meaningful judicial review." *Trautloff v. Comm'r of Soc. Sec. Admin.*, 2017 WL 1098815, at *4 (C.D. Cal. Mar. 22, 2017) (quoting *Pinto*, 249 F.3d at 847). In *Trautloff*, the ALJ concluded that past work was performed with SGA without any

further explanation. *Trautloff*, 2017 WL 1098815, at *4. The court found that such boilerplate findings were not specific enough to allow for meaningful review of the ALJ's step four determination. *Id.* The Commissioner's path could not "reasonably be discerned from any of the ALJ's boilerplate findings at step four." *Id.* at *5.

As stated in SSR 82-62, "the decision as to whether the claimant retains the functional capacity to perform past work ... has far-reaching implications and must be developed and explained fully in the disability decision." *See Razzari v. Berryhill*, 2017 WL 6539790, at *6 (N.D. Cal. Dec. 21, 2017) (finding legal error warranting reversal where the ALJ failed to make findings or explain his conclusion that the claimant was capable of performing past relevant work). Additionally, a court may not "affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto*, 249 F.3d at 847. Therefore, if the Commissioner's contention would require a court "to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally," then the Court must decline to follow this contention. *Id.* at 848.

**b. Analysis**

Here, ALJ Reich did not make specific factual findings sufficient to allow meaningful judicial review of her past relevant work conclusion. The ALJ concluded that Plaintiff's past relevant work was as a telephone solicitor. The decision, however, did not discuss SGA in the section regarding past relevant work and instead apparently assumed SGA (possibly relying on the decision of the first ALJ on the basis of *Chavez*). Because there is no discussion or analysis regarding SGA in ALJ Reich's decision and because the Court has found that *Chavez* principles do not apply to this issue, there can be no meaningful judicial review of the ALJ's step four determination concerning the issues of SGA and past relevant work. This is reversable error because the ALJ "fell short of meeting ... the responsibility to provide 'a discussion of the evidence and the reason or reasons upon which' [her]

adverse determination is based." *Trautloff*, 2017 WL 1098815, at *4 (quoting *Treichler*, 775 F.3d at 1103); *see also Pinto*, 249 F.3d at 845.

For similar reasons, the Commissioner's past relevant work argument in the briefing is not persuasive. The Commissioner contends that Plaintiff had SGA income in 2009 as a telephone solicitor. (ECF No. 28 at 5.) Yet nowhere in the ALJ's decision is Plaintiff's 2009 employment discussed. During the hearing, Plaintiff testified regarding his employment in 2009, stating that he worked with a manager and, for a time, trained four telemarketers − although apparently himself not working as a telemarketer at this time. (AR 2764.) That testimony is not clear regarding how the duties of the mentioned jobs (manager, trainer, and telemarketer) differed or how much of 2009 was spent doing each job. In her decision, ALJ Reich did not discuss Plaintiff's certified earnings record or the detailed earnings query that were new evidence in the record.[5] Nor did ALJ Reich make factual findings regarding whether Plaintiff had SGA in 2009 as a telemarketer as compared to a trainer or manager or, for example, how much sitting would be required for each job. Moreover, in the decision's discussion of "Issues," ALJ Reich states that in the prior case, Plaintiff had a "history of no past relevant work" which "remain[s] the same." (AR 23.) Yet, later, the decision refers ambiguously to "work described above," that the VE supposedly classified as telephone solicitor. (AR 33.) As a result of these ambiguities and inconsistencies, the Commissioner's "path" concerning the past relevant work finding cannot reasonably be discerned from the discussion in ALJ Reich's decision, and that decision cannot be affirmed.

## REMEDY

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of

---

[5] While the ALJ mentions the earnings record in discussing the proposed dates of disability, she does not use the earnings record or query as support in her determination on past relevant work. (AR 23, 33.) The transcript of the 2017 hearing is also devoid of any reference to the certified earnings record or detailed earnings query. (AR 2751-2777.)

benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence…. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted). Moreover, "remand is warranted where additional administrative proceedings could remedy defects in the decision." *Smith-Scruggs v. Astrue*, 2010 WL 256546, at *11 (C.D. Cal. Jan 21, 2010).

Although the Court has found error, the record on the whole is not fully developed, and factual issues remain outstanding. Because "a judicial judgment cannot be made to do service for an administrative judgment," when "the record before the agency does not support the agency action [or] … the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course … is to remand to the agency for additional investigation or explanation." *Treichler*, 775 F.3d at 1099. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

///

///

Accordingly, the appropriate remedy is a remand for further administrative proceedings.[6]

***************

For the foregoing reasons, IT IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 8/14/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[6] It is not the Court's intent to limit the scope of the remand.